**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2275-WJM

FRANCINE RODRIGUEZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

---

**ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS**

---

This social security benefits appeal is before the Court under 42 U.S.C. § 405(g). Plaintiff Francine L. Rodriguez ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

For the reasons set forth below, the ALJ's decision denying Plaintiff's application for Social Security disability benefits is AFFIRMED.

## I. BACKGROUND

Plaintiff Francine L. Rodriguez ("Plaintiff") was 42 years old on the alleged disability onset date. (Admin. Record ("R.") (ECF No. 10) at 33.) Plaintiff has completed her GED, has two years of college, and has past relevant work experience as a transportation agent, home health aide, and a pharmacy technician. (R. 20.)

Plaintiff filed applications for a period of disability and disability insurance benefits on November 8, 2010 (Title II) and November 12, 2010 (Title XVI), alleging that she had been disabled since May 5, 2010 due to "complex hyperplasia and car injuries". (R. 70.) Plaintiff's application was initially denied on February 24, 2011. (R. 11.) After requesting a hearing, Plaintiff's claims were heard by Administrative Law Judge ("ALJ") Jennifer B. Millington on April 23, 2012. (*Id.*) Plaintiff and vocational expert Pat W. Pauline testified at the administrative hearing. (*Id.*)

On June 8, 2012, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 5, 2010. (R. 11.) At step two, he found that Plaintiff suffered from the following severe impairments: thoracic and lumbosacral pain/strain and mild acromioclavicular joint degenerative change. (R. 14.) The ALJ did not find Plaintiff's uterine hyperplasia or hypertension to be severe physical impairments. (*Id.*) The ALJ also found that Plaintiff's mental impairments (including depression, post-traumatic stress disorder, cognitive disorder, and concussion syndrome) were not severe impairments, either considered separately or together. (R. 14-16.) At step three, the ALJ found that Plaintiff's thoracic and lumbosacral pain/strain and mild acromioclavicular joint degenerative change, while

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

severe impairments, did not meet any of the impairments or combination of impairments listed in the social security regulations. (R. 16.) The ALJ assessed Plaintiff's residual functional capacity ("RFC"), finding that she had the RFC to lift and/or carry up to 25 pounds frequently and up to 20 pounds occasionally, stand and/or walk for 6 hours in an 8-hour workday, sit for 6 hours in an 8-hour workday, and use her right upper extremity "frequently" to reach, handle, grasp, and finger. (*Id*.) Given this RFC, at step four the ALJ found that Plaintiff could perform her past relevant work as a transportation agent, home health aide, or pharmacy technician, because such work would not require her to perform activities that were restricted by her RFC. (R. 20.) The ALJ alternatively found that, if Plaintiff was limited to unskilled work, there were substantial jobs in the national economy that Plaintiff could perform, including cleaner/housekeeper, office helper, and call out operator. (R. 21-22.) Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and therefore was not entitled to benefits. (R. 22.)

The Appeals Council denied Plaintiff's request for review on June 28, 2013. (R. 1.) Thus, the ALJ's June 8, 2012 decision is the final administrative action for purposes of review.

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Evidence is not substantial if it is overwhelmed by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  ANALYSIS

On appeal, Plaintiff raises three issues: (1) the ALJ erred at step two in finding that Plaintiff's mental impairments were not severe impairments; (2) the ALJ erred at step two in failing to properly apply the "special test" for mental impairments; and (3) the ALJ's hypothetical to the vocational expert did not include all of Plaintiff's limitations. (ECF No. 13 at 1-2.) As the first two arguments both relate to the step two analysis, the Court will discuss those together, followed by the third argument.

**A.     Step Two — Severe Impairments**

Plaintiff argues that the ALJ erred in finding that Plaintiff's mental impairments were not severe. (ECF No. 13 at 15-20.) Specifically, Plaintiff contends that the ALJ incorrectly applied the "special test" pertinent to mental impairments, and that the ALJ's findings regarding the severity of Plaintiff's mental impairments are not supported by substantial evidence. (*Id*.)


The severe impairment standard at step two of the analysis requires evidence that a claimant's medically determinable impairment "significantly limits [her] physical or mental ability to do basic work activities". 20 C.F.R. § 404.1520(c). The purpose of this requirement is for the claimant to "make a threshold showing that h[er] medically determinable impairment or combination of impairments" has a material affect on her job prospects. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

When determining whether mental limitations are severe impairments at step two, an ALJ is required to consider four broad functional areas: activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decompensation. *See* 20 C.F.R. § 404.1520a(c). The first three categories are rated using a five-point scale: none, mild, moderate, marked, and extreme. *Id*. The fourth category is rated based on the number of periods of decompensation. *Id*. Mental limitations are generally not severe if the degree of limitation is "none" or "mild" in the first three categories, and "none" in the fourth category. *Id*. at § 404.1520a(d).

In this case, the ALJ went through each of the four categories and found Plaintiff had no limitations on daily living, mild limitations on social functioning and concentration, persistence, and pace, and no episodes of decompensation. (R. 15.) The ALJ found that Plaintiff's ability to care for herself, her children, and her mother, as well as hold down a part-time job, work with the public, and take college classes all show that her mental limitations are "mild" at most. (*Id*.)

Plaintiff argues that the ALJ misapplied this test in this case, and that the ALJ's finding that Plaintiff's impairments were "mild" is not supported by substantial evidence

in the record. (ECF No. 13 at 20.) The Court disagrees. The ALJ explicitly discussed the four-part legal standard, made specific findings as to each functional area, and cited evidence in the record supporting her findings. (R. 14-15.) The Court has reviewed the record and the ALJ's findings and concludes that there is substantial evidence supporting such findings. Despite Plaintiff's prompting, the Court will not reweigh the evidence or substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005); *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2002). Thus, the Court concludes that Plaintiff has failed to show any error at step two of the ALJ's analysis.

Moreover, even assuming Plaintiff could meet her burden of proving that her mental impairments were severe impairments, Plaintiff has not shown that the ALJ's failure to list all the severe impairments at step two would be reversible error. In *Brescia v. Astrue*, 287 F. App'x 626, 628-629 (10th Cir. July 8, 2008), the claimant argued that the ALJ improperly determined that several of her impairments did not qualify as severe impairments. The Tenth Circuit held that, once an ALJ has found that a plaintiff has at least one severe impairment, a failure to designate another as "severe" at step two does not constitute reversible error because, under the regulations, the agency considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *Id.*; *see also Hill v. Astrue*, 289 F. App'x 289, 291-292 (10th Cir. Aug. 12, 2008) (holding that, once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two). On this case law, it is clear that any failure by the ALJ to find that Plaintiff's mental impairments were severe does not

warrant reversal.[2]

Because the ALJ found Plaintiff's thoracic and lumbrosacral paint/strain and mild acromioclavicular join degenerative change to be severe impairments, and then proceeded to Steps Three and Four of the analysis, any error regarding the severity of Plaintiff's mental impairments was harmless. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("any error here [at Step Two] became harmless when the ALJ reached the proper conclusion that [the plaintiff] could not be denied benefits conclusively at Step Two and proceeded to the next step of the evaluation sequence").

**B.    Hypothetical Posed to ALJ**

In a one-paragraph "analysis", Plaintiff contends that the ALJ erred in finding that Plaintiff was capable of returning to her past work, because the hypothetical question posed to the vocational expert did not include "all of Ms. Rodriguez's work-related functional limitations." (ECF No. 13 at 20.)  Plaintiff does not elaborate on which functional limitations should have been included in the hypothetical question posed to the vocational expert, and the Court will not parse the record on Plaintiff's behalf in an attempt to find an error. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) (holding that the Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [her].").

Moreover, an ALJ is required to accept and include in the hypothetical posed to

---

[2] Notably, a claimant can argue that the ALJ erred in failing to consider all medical impairments—both severe and not severe—when fashioning an RFC. *See* 20 C.F.R. § 404.1545(1)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity.").  However, Plaintiff does not raise that argument here.

the vocational expert only those functional limitations that are supported by the record, and are included in the RFC.  See *Shepherd v. Apfel*, 184 F.3d 1196, 1203 (10th Cir. 1999); *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (hypothetical question need only include impairments that are accepted by the ALJ).  In this appeal, Plaintiff has not challenged any aspect of the RFC, or alleged that the ALJ erred in failing to include in the RFC any limitations based on mental impairments.  Because the ALJ included in her hypothetical question all of the limitations set forth in the RFC, the vocational expert's testimony elicited by that hypothetical question constitutes substantial evidence to support the denial of disability benefits and supplemental security income payments to Plaintiff.  See *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996).

Accordingly, Plaintiff has failed to show that the ALJ's step four finding that Plaintiff could perform her prior work was not supported by substantial evidence.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's denial of benefits is AFFIRMED.  The Clerk shall enter judgment in favor of Defendant and close this case.

Dated this 29th day of October, 2014.

BY THE COURT:

William J. Martinez
United States District Judge